[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15630
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-02819-CC


ALTHEA MILEY,

Plaintiff-Appellant,

versus

THORNBURG MORTGAGE HOME LOANS INC.,
"TMHL",
DEBORAH J. BURNS,
SCOTT TURLINGTON,
CENLAR FSB,
(Cenlar),
JOSEPH LOOTS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 21, 2015)

Before MARCUS, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Althea Miley, proceeding pro se, appeals the district court's sua sponte dismissal of her complaint for failure to state a claim. In the court below, Miley alleged that Thornburg Mortgage Home Loans and other parties (collectively, creditors) violated a bankruptcy court stay when they foreclosed on her house. On appeal, she argues that, because she could request a stay within 30 days of filing, there was a temporary 30-day stay in effect after she filed her third bankruptcy petition despite her status as a multiple repeat filer.[1]

We review de novo the district court's dismissal of a complaint for failure to state a claim, viewing the allegations in the complaint as true. *Dimanche v. Brown*, 783 F.3d 1204, 1214 (11th Cir. 2015). When a litigant seeks to file a case *in forma pauperis*, the district court must dismiss the case if at any time it determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The filing of a bankruptcy petition operates as an automatic stay applicable to creditors seeking to foreclose on a debtor's property. 11 U.S.C. § 362(a). No

---

[1] Miley does not challenge on appeal the district court's dismissal of her other federal claims, or its refusal to exercise supplemental jurisdiction over her state law claims, and so has abandoned any argument in this respect. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). Also, we will not consider her arguments that the property was part of the bankruptcy estate or that her creditors were required to seek a court order confirming no stay was in effect, because she raises them for the first time on appeal. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1335 (11th Cir. 2004).

2

automatic stay goes into effect, however, if, when the debtor files a petition, she has had two or more bankruptcy cases that were pending in the previous year but were dismissed. *Id.* § 362(c)(4)(A)(i). Within 30 days of filing the latest case, upon request of a party, the court may order a stay if the party demonstrates that the case was filed in good faith. *Id.* § 362(c)(4)(B).

The statute upon which Miley relies expressly states that an automatic stay does not issue upon filing of a successive bankruptcy petition under the circumstances of this case. *See id.* § 362(c)(4)(A)(i). As she now acknowledges, no automatic stay was in effect under § 362(a) because she had two bankruptcy cases pending in the previous year that were ultimately dismissed, *see id.* § 362(c)(4)(A)(i), and neither the record nor her brief support her current legal contention that a temporary stay was in effect. Specifically, § 362(c)(4)(B) gives a party 30 days to request a stay and allows the court to grant that request, but it does not prohibit her creditors from taking action during that time period. Miley did not allege that she requested a stay from the court or that the court exercised its discretion to grant a stay. Accordingly, the district court did not err in determining that Miley had failed to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Upon review of the record and consideration of Miley's arguments, we affirm the district court's dismissal of Miley's complaint.

3

**AFFIRMED**.